

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

Richard G. Shephard
Assistant United States Attorney

RGS/PL AGR
2023R00652

402 East State Street, Room 420
Trenton, New Jersey 08608

609-656-2558

July 31, 2025

**Via E-Mail**

Scott A. Krasny, Esq.
Furlong and Krasny
820 Bear Tavern Road, Suite 304
Trenton, New Jersey 08628

   Re: Plea Agreement with Alexander Gutierrez

Dear Mr. Krasny,

  This letter sets forth the plea agreement between your client, Alexander Gutierrez ("Gutierrez"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **August 31, 2025**, if it is not accepted in writing by that date. If Gutierrez does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Gutierrez to a one-count Information, which charges Gutierrez with dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

  If Gutierrez enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Gutierrez for unlawful dealing of firearms during October 2024 through December 2024.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Gutierrez even if the applicable statute of

limitations period for those charges expires after Gutierrez signs this agreement, and Gutierrez agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) to which Gutierrez agrees to plead guilty carries a maximum sentence of 5 years' imprisonment, and a statutory maximum fine equal to the greater of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest. The prison sentence on Count One may run consecutively to any prison sentence Gutierrez is serving or is ordered to serve.

The sentence to be imposed upon Gutierrez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Gutierrez ultimately will receive.

Further, in addition to imposing any other penalty on Gutierrez, the sentencing judge as part of the sentence:

(1) will order Gutierrez to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Gutierrez to pay restitution, pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); and

(4) pursuant to 18 U.S.C. § 3583, may require Gutierrez to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Gutierrez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gutierrez may be sentenced to not more than two years' imprisonment

per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Gutierrez's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Gutierrez agrees to forfeit to the United States all right, title, and interest, if any, in the following items:

(1) one .38 caliber Colt Police Positive Special handgun bearing serial number 263463, seized on or around October 15, 2024;

(2) 29 rounds of .38 caliber ammunition, seized on or around October 15, 2024;

(3) one Taurus G3C 9x19 handgun bearing serial number AEE431546, seized on or around December 12, 2024;

(4) 54 rounds of 9mm ammunition, seized on or around December 12, 2024;

(5) one Glock 22 .40 caliber handgun bearing serial number CNW996US, seized on or around December 17, 2024;

(6) one Glock 19 9mm handgun bearing serial number BWSH562, seized on or around December 17, 2024;

(7) one Taurus G3 handgun bearing an obliterated serial number, that after testing and examination by law enforcement revealed serial number ABN363069, seized on or around December 17, 2024;

(8) one Star Ultrastar handgun with barrel marked "9x19" bearing serial number 2126434, seized on or around December 17, 2024; and

(9) 13 rounds of 9mm ammunition, seized on or around December 17, 2024

(collectively, the "Specific Property").

Gutierrez acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation charged in the Information.

Gutierrez waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Gutierrez consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Gutierrez understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Gutierrez of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Gutierrez further understands that Gutierrez has no right to demand that any forfeiture of Gutierrez's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Gutierrez waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Gutierrez also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. Gutierrez agrees that Gutierrez will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Gutierrez has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Gutierrez further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Gutierrez further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Gutierrez's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Gutierrez by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States

Probation Office of: (1) this agreement; and (2) the full nature and extent of Gutierrez's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Gutierrez will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Gutierrez waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Gutierrez understands that, if Gutierrez is not a citizen of the United States, Gutierrez's guilty plea to the charged offenses will likely result in Gutierrez being subject to immigration proceedings and removed from the United States by making Gutierrez deportable, excludable, or inadmissible, or ending Gutierrez's naturalization. Gutierrez understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Gutierrez wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Gutierrez's removal from the United States. Gutierrez understands that Gutierrez is bound by this guilty plea regardless of any immigration consequences. Accordingly, Gutierrez

waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Gutierrez also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gutierrez. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Gutierrez from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

  This agreement constitutes the entire plea agreement between Gutierrez and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

              Very truly yours,

              ALINA HABBA
              Acting United States Attorney

              *Richard G. Shephard*
By:      Richard G. Shephard
              Assistant United States Attorney

APPROVED:

*Martha K. Nye*
Martha K. Nye
Attorney-in-Charge, Trenton Branch

I have received this letter from my attorney, Scott A. Krasny, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    8-26-25
Alexander Gutierrez                 Date

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    8/26/25
Scott A. Krasny, Esq.               Date
Counsel for Defendant

## Plea Agreement With Alexander Gutierrez

### Schedule A

1. This Office and Alexander Gutierrez ("Gutierrez") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

3. The applicable guideline is U.S.S.G. § 2K2.1. This guideline carries a base offense level of 12. *See* U.S.S.G. § 2K2.1(a)(7).

4. Specific Offense Characteristic U.S.S.G. § 2K2.1(b)(1)(A) applies because the offense involved between 3 to 7 firearms. This results in an increase of 2 levels.

5. Specific Offense Characteristic U.S.S.G. § 2K2.1(b)(4)(B)(i) applies because the offense involved a firearm that had a serial number that was modified such that the original information is rendered illegible or unrecognizable to the unaided eye. This results in an increase of 4 levels.

6. Accordingly, the aggregate offense level is 18.

7. As of the date of this letter, Gutierrez has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Gutierrez's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Gutierrez has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Gutierrez's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Gutierrez enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Gutierrez's acceptance of responsibility has continued through the date of sentencing and Gutierrez therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Gutierrez's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. Accordingly, the parties agree that the total Guidelines offense level applicable to Gutierrez is 15 (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, Gutierrez will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 18 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).